UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00596-GNS-CHL

RAMA ARLA, and
MOHANA ARLA,                                                                    PLAINTIFFS

v.

PEERLESS INSURANCE COMPANY                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion by Plaintiffs Seeking Declaration Regarding Coinsurance and Appraisal Provisions in Insurance Policy (Pls.' Mot. Seeking Decl. Regarding Coinsurance & Appraisal Provisions in Insurance Policy, DN 15 [hereinafter Pls.' Mot.]), and Defendant Peerless Insurance Company's Motion for Partial Summary Judgment (Def.'s Mot. for Partial Summ. J., DN 16 [hereinafter Def.'s Mot.]). The parties agreed that their respective motions would serve as responses to the other's motion. (Joint Notice Regarding Resps. to Pls.' Mot. Seeking Decl. & Def.'s Mot. for Partial Summ. J., DN 17). The motions are thus ripe for adjudication. For the reasons stated below, the Court **DENIES** Plaintiffs' motion and **GRANTS** Defendant's motion.

### I.   SUMMARY OF FACTS AND CLAIMS

Plaintiffs acquired an insurance policy covering their real property at 8700 Rama Road, Prospect, Kentucky, ("the house") from Defendant Peerless Insurance Company ("Peerless")[1] for

---

[1] While the Verified Complaint refers to Liberty Mutual Group, Inc., on July 30, 2015, the parties entered into an agreed order to substitute Peerless in the place of Liberty Mutual Group,

the period of July 7, 2014, to January 7, 2015. (Verified Compl. 2). On the first day of coverage, the property "suffered a complete and total casualty loss as a result of a fire that occurred during the time in which [the house] was substantially completed, but still under construction." (Verified Compl. 2). On July 1, 2015, Plaintiffs filed suit against Peerless in Jefferson Circuit Court alleging breach of contract and violation of Kentucky's Unfair Claims Settlement Practices Act ("UCSPA"), including bad faith. (Verified Compl. 3, 4). Plaintiffs acknowledge a payment by Peerless of $1,961,672.25, but seek the $3 million policy limit. (Pls.' Mem. in Supp. of Mot. Seeking Declaration Regarding Coinsurance & Appraisal Provisions in Insurance Policy 2, DN 15-1 [hereinafter Pls.' Mem. in Supp.]).[2]

Peerless removed the case to this Court. (Notice of Removal). The Court bifurcated the claims and stayed Plaintiffs' UCSPA claim pending the resolution of the breach of contract claim. (Order, DN 10). The parties filed the pending motions, which have been fully briefed and are ripe for review.

## II. JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of

---

Inc. (Agreed Order to Substitute Def., DN 9). The Court therefore treats the Verified Complaint as against Peerless.

[2] The Court could find no evidence in the record reflecting this payment, but both parties indicate this payment was made. (Def.'s Mem. in Supp. of Mot. for Partial Summ. J. 2, DN 16-1 [hereinafter Def.'s Mem. in Supp.]).

different States . . . ." 28 U.S.C. § 1332(a)(1). Plaintiffs assert in their Verified Complaint that they are residents of Kentucky. (Verified Compl. 1, DN 1-1). Defendant is a New Hampshire corporation with its principal place of business in Massachusetts. (Notice of Removal 2, DN 1). There is, therefore, complete diversity. Plaintiffs seek damages pursuant to Kentucky's Unfair Claims Settlement Practices Act, which allows for damages equivalent to "twice the amount of the gain from the commission of the violation," as well as punitive damages. (Verified Compl. 4, 6; KRS 304.12-230; KRS 304.99-010). This is sufficient to meet the Court's jurisdictional threshold.

### III.    STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of any material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 322. If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine

dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

The plain language of the policy provides that in the event of the amount of insurance is less than the covered property's full value, Peerless will pay a portion of the loss equal to the ratio of the policy limit to "the estimated value of the property at completion of construction had no loss occurred . . . ." (Pls.' Mot. Ex. A, at 43-44, DN 15-2 [hereinafter Policy]). The key dispute between the parties is whether the "value of the property" is based upon the fair market or the replacement cost value of the home. (Def.'s Mem. in Supp. 4; Pls.' Mem. in Supp. 5).

Plaintiffs contend that the "expected value of the covered property" is the "fair market value of the property at completion of construction had no loss occurred" instead of the cost of replacement upon completion. (Pls.' Mem. in Supp. 6-7). Plaintiffs argue that, while "replacement cost" is defined in the "VALUATION" section of the policy that appears shortly before the provision at issue, because Peerless used the term "value" instead of "replacement cost" in the coinsurance provision, it clearly meant for some standard other than replacement cost to be used. (Pls.' Mem. in Supp. 7). Plaintiffs urge that a fair and simple reading of the coinsurance clause supports a fair market value because it is common understanding that "estimated value of the property" means "fair market value," especially when applied to residences. (Pls.' Mem. in Supp. 7). Finally, Plaintiffs note that if the Court finds the term "estimated value of the property" to be ambiguous, any ambiguity should be resolved in favor of Plaintiffs. (Pls.' Mem. in Supp. 8).

Peerless argues in opposition that replacement cost is the correct measure for the "estimated value of the property." (Def.'s Mem. in Supp. 7-10). Peerless points to the "VALUATION" section of the policy, which states that "the value of the covered property will be based on the replacement cost without any deduction for depreciation." (Def.'s Mem. in Supp. 7 (quoting Policy 43)). Peerless further notes that the words "fair market value" appear nowhere in the policy. (Def.'s Mem. in Supp. 7). Finally, Peerless relies upon a previous decision of this Court in *Bachelor Land Holdings, LLC v. Chubb Custom Insurance Co.*, No. 3:11-CV-152, 2011 WL 5389197 (W.D. Ky. Nov. 4, 2011), which held that the appraisers were required to use the valuation method specified in the policy and to apply the coinsurance provision. *See Bachelor Land Holdings*, 2011 WL 5389197, at *6-9.

The Court finds no ambiguity in the policy on this question. Throughout the policy, formally defined terms appear in quotations, such as "we," "your," and "limit." (*See* Policy 43). While not formally defined in this manner, the phrase "value of the covered property" is specifically defined in the "VALUATION" section as "the replacement cost without any deduction for depreciation." (Policy 43). The coinsurance provision states, *inter alia*, "[t]he value of the covered building or structure means the total *value of the property* at the time the construction, erection, or fabrication of the property would have been completed had there been no loss." (Policy 43 (emphasis added)). Applying the definition of value to the coinsurance provision—as the Court did previously in *Bachelor Land Holdings*—the coinsurance section would properly read that "[t]he value of the covered building or structure means the total *replacement cost without any deduction for depreciation* at the time the construction, erection, or fabrication of the property would have been completed had there been no loss." In light of the clear language of the "VALUATION" section and the parallel language in the coinsurance

5

section, the Court finds that the coinsurance provision is unambiguous. *See Pryor v. Colony Ins.*, 414 S.W.3d 424, 430 (Ky. App. 2013) ("To ascertain the construction of an insurance contract, one begins with the text of the policy itself. So that, 'the words employed in insurance policies, if clear and unambiguous, should be given their plain and ordinary meaning.' And, if no ambiguity exists, a reasonable interpretation of an insurance contract is to be consistent with the plain meaning of the language in the contract." (internal citation omitted) (citation omitted)); *Hugenberg v. W. Am. Ins. Co./Ohio Cas. Grp.*, 249 S.W.3d 174, 185 (Ky. App. 2006) ("Absent ambiguity, terms in an insurance contract are to be construed according to their "plain and ordinary meaning." (internal quotation marks omitted) (citation omitted)).

In sum, the insurance policy at issue here is not ambiguous. The policy dictates that the value to be used in the coinsurance formula is that of replacement cost, not fair market value. Accordingly, the Court will deny Plaintiffs' motion and grant Defendants' motion.

## V.    CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion Seeking Declaration Regarding Coinsurance and Appraisal Provisions in Insurance Policy (DN 15) is **DENIED**, and Defendant Peerless Insurance Company's Motion for Partial Summary Judgment (DN 16) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 13, 2016

cc:   counsel of record